I write separately to emphasize that as a general rule it is not my practice to name the trial judge in my appellate opinions.
On appeal, our focus is whether particular assignments of error are meritorious and whether reversible error has occurred. App.R. 12. Thus, the focus of our review is the judicial rulings which are brought before us. In completing our review, we are to apply a body of orderly procedures and decisional law. Personal reference is not relevant.
Moreover,
 The bounds of the law in a given case are often difficult to ascertain. The language of legislative enactments and judicial opinions may be uncertain as applied to varying factual situations. The limits and specific meaning of apparently relevant law may be made doubtful by changing or developing constitutional interpretations, inadequately expressed statutes or judicial opinions, and changing public and judicial attitudes. Certainty of law ranges from well-settled rules through areas of conflicting authority to areas without precedent.
Code of Prof.Resp., EC 7-2. In short, we are not a court of last resort and a pronouncement from this court that error has occurred may in fact be overturned by the Supreme Court in subsequent review.
Finally, we must be mindful that judges are not wholly free to defend themselves and that focusing upon the judge rather than the decision itself could unfairly affect public confidence in the judicial system and could appear to be an expression of partiality.